J-A19041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL ROBINSON AND FRANCINE VARNER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 150 MDA 2024 |
| NOBODY'S CAT FOUNDATION | : | |

Appeal from the Order Entered January 25, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2023-10941

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:        **FILED: SEPTEMBER 25, 2024**

Appellants Michael Robinson and Francine Varner file this *pro se* appeal from the order of the Court of Common Pleas of Cumberland County denying their motion for leave to file an appeal *nunc pro tunc*.  As Appellants' failure to comply with our Rules of Appellate Procedure prevents this Court from providing meaningful appellate review, we dismiss this appeal.

On September 21, 2023, Appellants filed a *pro se* civil complaint against Appellee Nobody's Cat Foundation, a non-profit organization that operates a spay/neuter clinic for felines.  Appellants sought damages for Appellee's alleged negligence in providing veterinary care to Appellants' cat.

The magisterial district court scheduled a hearing on November 3, 2023, which was subsequently rescheduled to November 8, 2023 after Appellee filed

_____

[*] Former Justice specially assigned to the Superior Court.

notice of its intent to enter a defense to the complaint. On November 8, 2023, the magisterial district court entered judgment in favor of Appellee after Appellants failed to appear at the scheduled hearing.

On December 27, 2023, Appellants filed a notice of appeal to the Court of Common Pleas along with a "Motion to File Appeal Out of Time." On December 28, 2023, Appellants filed a *pro se* amended complaint with the trial court. On January 17, 2024, Appellee filed a response arguing that Appellants should not be permitted to file an appeal *nunc pro tunc*, as Appellants did not offer an acceptable excuse for their failure to file a timely appeal. On January 25, 2024, the trial court entered an order denying the motion and striking Appellants' action. On January 29, 2024, Appellants filed a notice of appeal.

As a preliminary matter, we note that Appellants' brief does not comply with our rules of appellate procedure. Appellants did not include a statement of the questions presented for review, a summary of their argument, or an argument session. **See** Pa.R.A.P. 2111, 2116, 2118-19. Instead, Appellants' "brief" is actually another amended complaint setting forth the underlying facts, raising its original claim of negligence and adding a count of intentional infliction of emotional distress not raised in the lower courts.

Further, we note that Appellants failed to identify any issues for this Court to review on appeal and make no attempt to show that the trial court abused its discretion in entering its January 25, 2024 order finding the

Appellants were not entitled to file an appeal *nunc pro tunc* or to reinstate its complaint before the trial court.

Pennsylvania Rule of Appellate Procedure 2119 requires that an appellant identify the issues to be reviewed by this Court and to provide citation to relevant legal authority with corresponding analysis. Pa.R.A.P. 2119. Our court has emphasized that "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007) (internal citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Id.**

Appellants' brief contains no actual challenge to the order appealed from in this case. We decline to act as Appellants' advocate and will not formulate an argument on Appellants' behalf. Accordingly, we conclude that it is appropriate to dismiss this appeal in its entirety as a result of Appellants' failure to comply with our Rules of Appellate Procedure which has prevented this Court from providing meaningful review.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>09/25/2024</u>